UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-22016-CIV-SINGHAL

TOHO CO., LTD.,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE "A" HERETO,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon the Court's Order (DE [7]) and Plaintiff's Response to Order to Show Cause ("Response") (DE [10]).  For the reasons discussed below, the Court concludes that joinder is not proper, and the Complaint (DE [1]) is dismissed without prejudice.

This case is one of thousands of attempts by trademark owners to protect their federally registered trademarks from unauthorized and illegal use by (primarily) foreign entities who sell counterfeit products through various Internet based e-commerce stores and websites.  According to Plaintiff, Defendants infringe Plaintiff's Patent with their "unauthorized use of the GODZILLA Trademarks in commerce in connection with the promotion, advertisement, distribution, offering for sale and/or sale of Defendants' products."  (DE [1] at ¶ 33).

Under Fed. R. Civ. P. 20, multiple defendants may be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(b)(2). Rule 21, on the other hand, permits the court "[o]n motion or on its own, at any time, on just terms [to] drop or add a party." Fed. R. Civ. P. 21. Upon review of the Complaint, the Court ordered Plaintiff to show cause why the Defendants should be joined in this action.

Numerous challenges arise from the trafficking of counterfeit and pirated goods. Through advertising over the internet, infringers can reach an expansive market and cause great harm to both trademark owners and consumers. Plaintiff argues that joinder at this stage "is both appropriate and necessary to satisfy the principles of equity and fairness, and to accomplish Rule 20's central goal of promoting trial convenience, expediting the resolution of disputes, and eliminating unnecessary lawsuits." (DE [10] at p. 14). The court is sympathetic to this argument, but, even recognizing the potential harms and that there could be common issues of law and facts as to Defendants, the Court is not convinced that joinder under Fed. R. Civ. P. 20(b)(2) is appropriate.

Joinder of defendants who are not jointly or severally liable can be made only for claims for relief "with respect to or arising out of the same transaction, occurrence or series of transactions and occurrences" and when there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(b)(2). With respect to the internet as a medium, the court in *Bose Corp. v. Partnerships and Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511 (N.D. Ill. 2020) detailed:

> The internet frequently produces occurrences that can be described as cooperative but not transactional or intentionally coordinated. Individual actions which alone may have minimal impact on society or the economy can have a substantial impact through aggregation that is only possible through the internet. Individuals on the internet can openly reach billions of people with a single click of a mouse, while at the same time hiding their identities, frustrating law enforcement. As a result, an "occurrence"

2

> of mass harm easily can be inflicted even if there is no express "transactional" coordination among the attackers.
>
> Rule 20's inclusion of the term "occurrence" should allow plaintiffs to join in a single case the defendants who participate in such unlawful occurrences, despite the lack of a "transactional link." The kind of harmful occurrences the internet enables—including mass foreign counterfeiting—were inconceivable when Rule 20 was drafted. But the Rule's inclusion of the term "occurrence" suggests that joinder is appropriate in cases alleging harm that is not strictly "transactional."

334 F.R.D. at 516.  But as this Court sees it, the *Bose Corp.* court misapplied the definition of "occurrence" as used in Rule 20(b)(2).  *See also, Zaful (Hong Kong) Ltd. v. The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule A*, 2025 WL 71797 *4 (N.D. Ill. 2025) (Perry, J.) (declining to accept the Bose Corp. Court's reasoning and definition of occurrence).

In interpreting any written code, the court must "determine the ordinary public meaning" of the term at issue at the time the statute was enacted. *Bostock v. Clayton County,* 590 U.S. 644 654 (2020). According to merriam-webster.com, an "occurrence" is "something that occurs," such as lightening or "the action or fact of happening or occurring," such as "the repeated occurrence of petty theft in the locker room."[1] The term "occur" means: "1. to be found or met with: APPEAR; 2. to come into existence: HAPPEN; or 3. to come to mind."[2] Black's Law Dictionary provides a far superior definition of "occurrence" as "[s]omething that happens or takes place; specif., an accident, event, or continuing condition that results in personal injury or property damage that is neither expected nor intended from the standpoint of an insured party." Garner, Black's Law Dictionary (12th Ed. 2024).

---

[1] https://www.merriam-webster.com/dictionary/occurrence (accessed 11/20/2024).  The Court would note that a dictionary defining a word by repeatedly using the word to be defined in its own definition, doesn't really help the reader very much.

[2] https://www.merriam-webster.com/dictionary/occur (accessed 11/20/2024).

The *Bose Corp.* court acknowledged that mass foreign counterfeiting was "inconceivable" when Rule 20 was drafted but, nevertheless, the court recognized mass counterfeiting by different defendants as an "occurrence" that would support joinder. The court defined the *harm* caused to the Plaintiff as the "occurrence" that supports joinder. This conclusion expands the definition of "occurrence" beyond its ordinary public meaning. The occurrence … the "action" or "thing that happened" … from which a trademark claim arises is the alleged counterfeiting and unauthorized use of trademarked material, not the harm caused to the trademark holder.

A "mass harm" caused by separate defendants, without more, is not an "occurrence." *Omega, SA v. Individuals, Bus. Entities & Unincorporated Associations Identified on Schedule "A",* 650 F. Supp. 3d 1349, 1353 (S.D. Fla. 2023) ("[S]imply committing the same type of violation in the same way does not link defendants together for purposes of joinder."). For an occurrence to exist, the defendants' actions must be "logically related" to each other. *Peleg Design Ltd. v. Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule "A" to the Complaint,* 2024 WL 1759139, at *1 (S.D. Fla. Apr. 24, 2024) (citing *Alexander v. Fulton Cnty., Ga.,* 207 F.3d 1303, 1323 (11th Cir. 2000) *overruled on other grounds Manders v. Lee,* 338 F.3d 1304 (11th Cir. 2003)) (joinder not permitted where defendants' actions were not "logically related" to each other); *Purple Innovation, LLC v. The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule "A",* 2024 WL 4652095, at *8 (S.D. Fla. Oct. 22, 2024) *report and recommendation adopted,* 2024 WL 4652096 (S.D. Fla. Nov. 1, 2024) (dismissing complaint for improper joinder where allegations did not show how defendants' alleged infringements were "logically related").

4

By contrast, if a group of defendants work in concert to infringe a trademark, their separate actions can be recognized as a series of occurrences, and they may permissibly be joined as defendants. *See Viahart, L.L.C. v. GangPeng,* 2022 WL 445161, at *3-4 (5th Cir. Feb. 14, 2022) (joinder permissible where complaint alleged defendants worked together "as an interrelated group"). The pleadings must, however, allege some facts from which the court can conclude the defendants are acting in concert. *See Peleg Design Ltd.,* 2024 WL 1759139, at *2 (joinder improper where plaintiff failed to show how similar storefronts or using same approach for infringement established that infringements were logically related).

Based on the facts alleged in Plaintiff's Complaint (DE [1]) and Response (DE [10]), the Court cannot conclude that Plaintiff's claims arise from the same series of transactions or occurrences, since Defendants rely on the "mass harm" theory.  (DE [10] at p. 8).  In the Complaint, Plaintiff alleges that Defendants are selling works that are "virtually identical to and/or substantially similar" to the claimed design.  (DE [1] at ¶ 69). Plaintiff further reinforces this point in the Response, alleging that Defendants "sell the same products that likely come from the same manufacturer, share marketing photographs, and are all located in China or Hong Kong. . ."  (DE [10] at p. 2).  But Plaintiff's innuendo is not sufficient for this Court to conclude the Defendants' activities are logically related. Similarities in infringements, advertising, and/or marketing strategies, without more, do not show that the Defendants' alleged infringement arises from the same series of transactions or occurrences as required by Rule 20(b)(2). *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) ("Simply committing the same type of violation in the same way does not link defendants together for purposes of joinder."). It would be perfectly logical that a defendant that sells infringing products

5

without qualms would also have no issue stealing another marketing approach. Accordingly, the Court is unpersuaded by Plaintiff's argument that the allegations in the Complaint and Response establish, rather than merely speculate, that Defendants' operation "arises out of the same transaction, occurrence, or series of transactions or occurrences."  (DE [10] at p. 2).

Plaintiff argues that joinder would promote judicial economy, but the Court cannot agree. With the joinder of multiple unrelated Defendants, the Court must evaluate the evidence against each Defendant and, if the Defendants appear in the action, each Defendant will be required to "wade through evidence pertaining to dozens of potentially unrelated defendants." *Id.*; *Omega, SA,* 650 F. Supp. 3d at 1352. Only the Plaintiff would benefit by misjoinder of multiple Defendants.

For these reasons, it is hereby:

**ORDERED AND ADJUDGED** that the Complaint (DE [1]) is **DISMISSED WITHOUT PREJUDICE.** Plaintiff may file an Amended Complaint consistent with this Order by **July 8, 2025.**  All other pending Motions are **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of June 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF